KENNETH D. SULZER (State Bar No. 120253)
ksulzer@constangy.com
REMY KESSLER (State Bar No. 123165)
rkessler@constangy.com
BAYAN SALEHI (State Bar No. 333585)
bsalehi@constangy.com
**CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**
2029 Century Park East, Suite 1100
Los Angeles, California 90067
Telephone: (310) 909-7775
Facsimile: (424) 465-6630

Attorneys for Defendants
INSIGHT VENTURE MANAGEMENT, LLC
and INSIGHT VENTURE MANAGEMENT, INC.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACQUELINE KALTER, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>KEYFACTOR, INC.; INSIGHT VENTURE MANAGEMENT, LLC; INSIGHT VENTURE MANAGEMENT, INC.; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. '21CV1707 L    JLB<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441 AND 1446 (DIVERSITY JURISDICTION); EXHIBITS**<br><br>[Declarations of Mary Michael, John Weinstein, Joseph A. Govea and Remy Kessler filed concurrently herewith] |

1  **TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO ALL
2  PARTIES AND THEIR ATTORNEYS OF RECORD:**

3   PLEASE TAKE NOTICE that Defendant Insight Venture Management, LLC
4  ("Insight LLC") and Defendant Insight Venture Management, Inc. ("Insight Inc.")
5  (collectively, "Insight") file this Notice of Removal of Civil Action under 28 U.S.C.
6  §§ 1332, 1441 and 1146 (Diversity Jurisdiction); Exhibits ("Notice of Removal").
7  This action is properly removed pursuant to 28 U.S.C. §§ 1332, 1441, and 1446
8  because of the diversity of citizenship between the parties and the amount in
9  controversy exceeding $75,000.

10   In compliance with 28 U.S.C. § 1446(a), Insight asserts the following grounds
11  for removal:

12  **I.   STATE COURT ACTION**

13   1.   On or about August 9, 2021, Plaintiff Jacqueline Kalter ("Plaintiff")
14  commenced the above-captioned action by filing a Complaint against Insight and
15  Defendant Keyfactor, Inc. ("Keyfactor") (collectively, "Defendants") in the Superior
16  Court of the State of California for the County of San Diego, entitled *Jacqueline
17  Kalter v. Keyfactor, Inc., et al.*, Case No. 37-2021-00034022-CU-WT-CTL
18  (hereinafter the "State Court Action"). (A true and correct copy of such Complaint is
19  attached hereto as **Exhibit A**.) On August 17, 2021, Insight LLC and Insight Inc.
20  received from Plaintiff the Complaint. *See* Declaration of Remy Kessler ["Kessler
21  Decl."] at ¶ 3, **Exhibit A**. On August 17, 2021, Insight LLC and Insight Inc. also
22  received from Plaintiff a Summons, Civil Case Cover Sheet, Notice of Case
23  Assignment and Case Management Conference, and Alternative Dispute Resolution
24  (ADR) Information and Stipulation to Use Alternative Dispute Resolution (ADR).
25  *Id.*; **Exhibit B**. Insight LLC acknowledged receipt of all such documents on
26  September 3, 2021, by signing and returning to Plaintiff a Notice and
27  Acknowledgment of Receipt-Civil. *Id.* at ¶ 4; **Exhibit C**. Pursuant to Cal. Civ. Proc.
28

1  Code § 415.30, Insight LLC was deemed served under California law with the Summons and Complaint on September 3, 2021.

2.  Keyfactor received from Plaintiff the Complaint, a Summons, Civil Cover Sheet, Notice of Case Assignment and Case Management Conference, and Alternative Dispute Resolution (ADR) Information and Stipulation to Use Alternative Dispute Resolution (ADR) on August 11, 2021. *See* Declaration of Joseph A. Govea ["Govea Decl."] at ¶ 3, **Exhibit D**. Keyfactor acknowledged receipt of such documents on August 31, 2021, by signing and returning to Plaintiff a Notice and Acknowledgment of Receipt-Civil. *Id.* at ¶ 4; **Exhibit E**. Pursuant to Cal. Civ. Proc. Code § 415.30, Keyfactor was deemed served under California law with the Summons and Complaint on August 31, 2021. Keyfactor has agreed to the removal of the State Court Action and, in that regard, is serving and filing at the same time as this Notice of Removal a notice of joinder in the removal.

3.  Insight Inc. has not been served with a Summons or the Complaint in the State Court Action. Kessler Decl. at ¶ 4.

4.  Plaintiff's Complaint purports to allege 12 claims against Defendants for violations of the California Fair Employment and Housing Act ("FEHA"), the California Labor Code, and the California Business and Professions Code. (**Exhibit A.**)

5.  On September 21, 2021, Keyfactor served and filed its Answer to the Complaint ("Answer") in the State Court Action. Govea Decl. at ¶ 5; **Exhibit F**.

6.  Insight is informed and believes that the documents described above constitute all of the process, pleadings and orders on file in the State Court Action.

7.  This Notice is timely in that it is filed within thirty (30) days of service of the Summons and Complaint on Defendant Keyfactor (*i.e.,* August 31, 2021), which was the first defendant served with process in this action. *See* 28 U.S.C. § 1446(b). This action has not been previously removed to federal court.

8. Insight shall serve written notice of the filing of this Notice of Removal on Plaintiff as required by 28 U.S.C. § 1446(d) and shall file in the State Court Action a notice of removal, as further required by that statute.

## II. DIVERSITY JURISDICTION UNDER 28 U.S.C. § 1332

9. This matter is a civil action within the meaning of 28 U.S.C. § 1331, and is one over which this Court has original jurisdiction under 28 U.S.C. § 1332(a)(1). It is an action which may be removed to this Court by Insight pursuant to the provisions of 28 U.S.C. § 1441(b). Specifically, this action involves citizens of different states and, therefore, it involves complete diversity. The amount in controversy also exceeds the sum of $75,000, exclusive of interest and costs, because Plaintiff alleges, among other things, that she is entitled to recover past and future lost income and benefits, general damages, penalties, punitive damages, and attorneys' fees, as further explained below.

### A. Complete Diversity Pursuant To 28 U.S.C. § 1332 Exists In This Case.

10. Plaintiff is, and at all times relevant to this action was, a resident and citizen of the State of California. *See* **Exhibit A** at ¶ 1.

11. Insight LLC is, and was at the time of the institution of the State Court Action, a limited liability company organized under the laws of the State of Delaware. *See* Declaration of John Weinstein ["Weinstein Decl."] at ¶ 3. Insight LLC's principal place of business is, and at the time of the institution of the State Court Action, located at 1114 Avenue of the Americas, New York, New York 10036. *Id*. All of Insight LLC's officers are located in New York, which is the "nerve center" for the company. *Id*. Insight LLC has never been organized in or under the laws of the State of California, and it has never maintained its principal place of business in California. *Id*.

12. A "limited liability company ('L.L.C.') is treated like a partnership for the purpose of establishing citizenship under diversity jurisdiction." *TPS Utilicom Servs., Inc. v. AT&T Corp.*, 223 F. Supp. 2d 1089, 1101 (C.D. Cal. 2002); *see also Sonoma*

*Falls Dev., LLC v. Nevada Gold & Casinos, Inc.*, 272 F. Supp. 2d 919, 922 (N.D. Cal. 2003). "For diversity, the citizenship of *each member* of the partnership must be considered." *TPS Utilicom*, 223 F. Supp. 2d at 1101 (emph. in original). Here, Insight, as well as its respective members, are diverse in citizenship from Plaintiff.

13. Insight LLC is wholly owned by Insight Holdings Group, LLC, which is, and was at the time of the institution of this action, organized under the law of the State of Delaware. Weinstein Decl. at ¶ 4.

14. Insight Holdings Group, LLC's principal place of business is, and was at the time of the institution of the State Court Action, located in New York, New York, where all of its officers are located. Weinstein Decl. at ¶ 4. Insight Holdings Group, LLC has never been organized under the laws of the State of California, and has never maintained its principal place of business in California. *Id.*

15. Insight Holdings Group, LLC is wholly owned by: (1) Deven Parekh, who is domiciled in the State of New York; (2) Jeff Horing, who is domiciled in the State of New York; (3) Jeff Lieberman, who is domiciled in the State of New York; and (4) Michael Triplett, who is domiciled in the State of Connecticut. Weinstein Decl. at ¶ 5. Each individual is also a citizen of the United States. *Id.* As such, for purposes of diversity jurisdiction, each individual is a citizen of either the State of New York or the State of Connecticut.

16. In sum, and as described above, Insight LLC is not and has never been a citizen of the State of California. Plaintiff and Insight LLC, therefore, are "citizens of different States" under 28 U.S.C. § 1332(a). *See also Hertz Corp. v. Friend*, 559 U.S. 77, 96-97 (2010).

17. Insight Inc. is, and was at the time of the institution of the State Court Action, incorporated under the laws of the State of Delaware. Weinstein Decl. at ¶ 6. Insight Inc.'s principal place of business is, and was at the time of the institution of the State Court Action, located at 1114 Avenue of the Americas, New York, New York 10036. *Id.* No one who directs, controls or coordinates Insight Inc.'s operations

is located in the State of California.  In sum, Insight Inc. is not and has never been a citizen of the State of California.  Plaintiff and Insight Inc., therefore, are "citizens of different States" under 28 U.S.C. § 1332(a).

18. At the time this action was filed, and currently, Keyfactor was and is incorporated under the laws of the State of Delaware.  *See* Declaration of Mary Michael ["Michael Decl."] at ¶ 3.  Keyfactor maintains its principal place of business in Independence, Ohio.  *Id.* at ¶ 4.  Keyfactor's headquarters and principal business offices are located at 6150 Oak Tree Blvd., Suite 200, Independence, Ohio 44131 and were located there at the time of the filing of the State Court Action.  *Id.*  None of Keyfactor's officers and other members of management who direct, control, and coordinate its operations are located in California.  *Id.*  In sum, Keyfactor is not and has never been a citizen of the State of California.  Plaintiff and Keyfactor, therefore, are "citizens of different States" under 28 U.S.C. § 1332(a).

19. As such, Plaintiff, a citizen of California, is completely diverse from Defendants because Insight LLC is a citizen of Delaware, New York and Connecticut, Insight Inc. is a citizen of Delaware and New York and Keyfactor is a citizen of Delaware and Ohio.

20. The Complaint also names as defendants "Does 1 - 20," which Plaintiff alleges are individuals or entities of a nature unknown to Plaintiff.  *See* **Exhibit A**, Complaint at ¶ 3.  "Does 1 to 20" are fictitious defendants which are not parties to this action, are not required to join in a removal petition, and must be disregarded for removal purposes.  *See* 28 U.S.C. §§ 1441(a) and 1447(e); *Soliman v. Philip Morris Inc.*, 311 F.3d 966, 971 (9th Cir. 2002); *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980).  Thus, the inclusion of "Doe" defendants in Plaintiff's Complaint has no effect on Defendant's ability to remove this case to federal court.

### B. The Amount In Controversy In Connection With Plaintiff's Purported Claims Exceeds $75,000.

21. Removal is proper if, from the allegations in the Complaint and the notice of removal, it is more likely than not that the claims exceed $75,000. *Sanchez v. Monument Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996). In determining whether the jurisdictional minimum is met, courts consider all recoverable damages, including emotional distress damages, punitive damages, statutory penalties, and statutory attorneys' fees. *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333 (1977); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998). Where a specific amount of damages is not alleged with respect to each claim, the removing defendant must show that it is more likely than not that the amount in controversy exceeds the statutory minimum. *Sanchez v. Monumental Life Insurance Co.,* 102 F.3d 398 (9th Cir. 1996).

22. Plaintiff's Complaint seeks recovery of, among other things, "lost past and future income and employment benefits, damage to her career, lost wages, unpaid expenses, and penalties," and damages for "psychological and emotional distress, humiliation, embarrassment, and mental and physical pain and anguish," as well as lost "bonuses, commissions, long term-term incentive pay, lost stock or equity and promotion." In turn, Plaintiff seeks, among other things, compensatory and punitive damages, and reasonable attorneys' fees. *See* **Exhibit A,** Complaint at ¶¶ 67, 68, 69, and Prayer for Relief at p. 22. In light of the allegations of Plaintiff's Complaint, the amount in dispute in this matter more likely than not exceeds $75,000, exclusive of interest and costs, despite the fact that Defendant denies that it engaged in any wrongful conduct entitling Plaintiff to any relief.

23. In particular, Plaintiff was a full-time employee who was paid an annual salary in the amount of $145,000.00, plus commissions, throughout her employment. *See* Michael Decl. at ¶ 5. In addition, Plaintiff alleges that she was entitled to receive from Keyfactor numerous "fringe benefits." *See* **Exhibit A,** Complaint at ¶ 50.

24. As stated above, Plaintiff seeks to recover past and future lost wages in her Complaint, which may be considered when evaluating the amount in controversy for purposes of diversity jurisdiction in a removed case. *James v. Childtime Childcare, Inc.*, 2007 WL 1589543, at *4, n.1 (E.D. Cal. June 1, 2007) ("The court evaluates the amount in controversy at the time of removal, but it may consider both past and future lost wages.") (emph. added; *citing Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005), *as amended on denial of reh'g and reh'g en banc* (Feb. 13, 2006). In *Kroske,* the Ninth Circuit affirmed the district court's finding that the amount in controversy for a case removed to federal court would exceed $75,000 where the district court's calculation relied on both past and future wages. *Kroske, supra,* 432 F.3d at 980. Indeed, other district courts in California have "projected lost wages through trial to determine whether the jurisdictional amount in controversy has been met" for cases removed to federal court based on diversity jurisdiction. *Thompson v. Big Lot Stores, Inc.*, 2017 WL 590261, at *3 (E.D. Cal. Feb. 13, 2017) (district court affirmed removal diversity jurisdiction based on past lost wages and projected future lost wages through trial); *Tiffany v. O'Reilly Auto. Stores, Inc.*, 2013 WL 4894307, at *2-4 (E.D. Cal Sept. 11, 2013) (district court affirmed removal diversity jurisdiction based on past lost wages and projected future lost wages through trial); *see also James, supra*, at *4 & n.1 (court considered future lost wages in determining the amount in controversy for purposes of removal based on diversity jurisdiction).

25. Here, Plaintiff earned approximately $2,788.46 per week as an alleged employee of Defendants (*i.e.*, $145,000.00 per year divided by 52 weeks). Therefore, Plaintiff's alleged past lost wages (not including any lost commissions), from February 10, 2020 (the date of Plaintiff's alleged termination) to the present, are approximately **$237,019.10** ($2,788.46 per week times 85 weeks). Assuming a trial date may be scheduled in or around September 2022, just 12-months from now, Plaintiff's additional alleged lost wages (not including lost commissions) for one year

(September 2021 to September 2022) would be **$145,000.00**.[1]  Plaintiff also claims lost future wages.  Assuming that Plaintiff seeks to recover at least two years of future lost wages after a September 2022 trial, Plaintiff would be claiming **$290,000.00** (*i.e.*, $145,000.00 times two years).  Therefore, the total amount of Plaintiff's claimed damages in controversy for past and future lost wages more than likely totals at least **$672,019.10** (*i.e.,* $237,019.10 plus $145,000.00 plus $290,000.00).  That sum, however, does not include her purported lost commissions or "fringe benefits," which she also seeks to recover in her Complaint.

26.  Plaintiff also alleges that she has suffered and continues to suffer "psychological and emotional distress, humiliation, embarrassment, and mental and physical pain and anguish" as a result of Defendants' actions.  (*See* **Exhibit A,** Complaint at ¶ 68).  Emotional distress damages may be considered when calculating the amount in controversy even when not quantified in the Complaint.  *Simmons v. PCR Tech.,* 209 F.Supp.2d. 1029, 1034 (N.D. Cal. 2002); *Richmond v. Allstate, Ins. Co.*, 897 F.Supp. 447, 450 (S.D. Cal. 1995) ("the vagueness of plaintiff's pleadings with regard to emotional distress damages should not preclude this Court from noting that these damages are potentially substantial").  Plaintiff's alleged emotional distress damages more likely than not could equal or exceed $168,004.77, which is 25% of Plaintiff's alleged economic damages specified above ($672,019.10).  District courts in California recognize that emotional distress damages in successful employment discrimination cases may be substantial.  *Richmond, supra,* 897 F.Supp. at 450.  Indeed, in *Kroske, supra,* the Ninth Circuit held that the trial court properly estimated $25,000 for emotional distress damages for satisfying the amount-in-controversy where the plaintiff's wage loss was only $55,000.  432 F.3d at 980.

---

[1] This 12-month estimate is conservative in light of the 2020 U.S. Courts Caseload Statistics, which show that the median time interval for disposition of civil cases in this District, from filing through trial, is approximately 27.2 months. (*See* Table C-5 at URL https://www.uscourts.gov/statistics/table/c-5/federal-judicial-caseload-statistics/2020/03/31 (March 31, 2020).)

27. Plaintiff also seeks to recover punitive damages in her Complaint. *See* **Exhibit A,** Prayer For Relief at 3. A determination of the amount in controversy for removal may include punitive damages when they are recoverable as a matter of law. *Gibson v. Chrysler Corp.,* 261 F.3d 927, 945 (9th Cir.2001); *Miller v. Michigan Millers Ins. Co.,* 1997 WL 136242, *4 (N.D.Cal.1997); *Richmond v. Allstate Ins. Co.,* 897 F.Supp. 447, 450 (S.D.Cal.1995). Plaintiff's action is brought, in part, pursuant to the FEHA. A prevailing plaintiff in an FEHA action may recover punitive damages. Cal. Gov't Code § 12940. Accordingly, this court may consider punitive damages when determining the amount in controversy. To that end, Insight highlights jury verdicts from cases with similar causes of action where substantial punitive damages were awarded. *See e.g., Prasad v. University of Cal. Davis Med. Ctr.,* JVR No. 802857 ($60,000 punitive damage award); *Carrol v. Interstate Brands Corp. dba Wonderbread, dba Hostess & dba Dolly Madison, et al.,* Cal. Super. Ct. for the County of San Francisco, Case No. 995728, 1 C.E.L.M. 68 (Sept. 2000) ($121,000,000 punitive damage award); *Lane v. Hughes Aircraft Co.,* JVR No. 801112 ($40,000,000 punitive damage award). Although these cases are distinguishable, and Insight denies all liability, these jury verdicts demonstrate the potential for large punitive damage awards in employment discrimination cases. Moreover, California courts hold that the ratio between compensatory damages and punitive damages "should generally be no higher than 4 to 1 and almost never more than 9 to 1." *Gober v. Ralphs Grocery Co.*, 137 Cal.App.4th 204 (2004), *citing State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 425, 123 S.Ct. 1513 (2003). Using the lower ratio of 4 to 1 and assuming Plaintiff's compensatory damages are approximately $672,019.10 (*i.e.,* just in alleged in lost wages and not including alleged emotional distress damages), Plaintiff can be expected to potentially seek punitive damages alone that would be well in excess of $75,000.

28. Finally, Plaintiff seeks to recover reasonable attorneys' fees in connection with her claims under the FEHA and the California Labor Code. *See* **Exhibit A,**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19

Complaint at ¶¶ 76, 83, 90, 112, 118, 124, 134 and 140. "Where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy." *Galt G/S v. JSS Scandinavia,* 142 F.3d 1150, 1156 (9th Cir. 1998). "When assessing the amount in controversy, the court considers the amount of attorneys' fees to be accrued throughout the entirety of the litigation." *Cain v. Hartford Life & Acc. Ins. Co.*, 890 F. Supp. 2d 1246, 1250 (C.D. Cal. 2012), *citing Simmons v. PCR Technology,* 209 F.Supp.2d 1029, 1034 (N.D.Cal.2002). *See also*, *Sasso v. Noble Utah Long Beach, LLC*, 2015 WL 898468, at *5 (C.D. Cal. Mar. 3, 2015); *Garcia v. ACE Cash Express, Inc.,* 2014 WL 2468344, at *5 (C.D. Cal. May 30, 2014). "The Court can use its discretion to determine, within its own experience, that an award of attorneys' fees alone will satisfy the amount in controversy requirement. 'Even a minimal award of attorney's fees would cause the amount in controversy to exceed the jurisdictional minimum.'" *Cain*, 890 F. Supp. 2d at 1250, *quoting Haase, supra,* at *5. Furthermore, because courts routinely award attorneys' fees well over $75,000 in cases such as this one, the amount in controversy, based just on the amount of attorneys' fees Plaintiff may seek if she prevails, exceeds the jurisdictional minimum. *See, e.g., Wysinger v. Auto Club,* 157 Cal.App.4th 413, 430-32 (2007) (affirming $980,000 attorneys'' fee award in FEHA discrimination action).

20
21
22
23
24
25
26

29. Thus, the total amount in controversy in this case is well in excess of the jurisdictional minimum of $75,000 based on alleged economic and emotional distress damages alone. And those amounts do not include the additional amounts Plaintiff seeks in alleged punitive damages, lost commissions, and attorneys' fees. Given the claims and allegations in this case, if Plaintiff prevails at trial, it is more likely than not that her recovery could well exceed the jurisdictional minimum identified in 28 U.S.C. § 1332(a).

27
28

30. Based on the foregoing, although Insight denies that it engaged in any wrongful conduct and therefore it denies that Plaintiff is entitled to any recovery,

-11-
NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446

Insight plainly has carried its burden of demonstrating by a preponderance of the evidence that the amount in controversy in this matter more likely than not exceeds the jurisdictional minimum of $75,000.

31. For these reasons, this action is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and which may be removed by Insight to this Court pursuant to 28 U.S.C. § 1441(a). Indeed, it is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. It also is a civil action between citizens of different states.

### III.   VENUE

32. Venue is proper in this district, pursuant to 28 U.S.C. §§ 84(c)(1) and 1441(a), because the action was pending before removal in the San Diego County Superior Court.

33. Venue lies in the United States District Court for the Southern District of California pursuant to 28 U.S.C. §§ 84(c)(3) and 1441(a) because this Court's territorial jurisdiction includes San Diego County, California, where the State Court Action was filed and is currently pending.

34. Nothing in this Notice of Removal is intended or should be construed as any type of express or implied admission by Insight of any fact, of the validity or merits of any of Plaintiff's claims, causes of action and allegations, or of any liability for the same, all of which are hereby expressly denied, or as to any type of express or implied waiver or limitation of any of Insight's rights, claims, remedies or defenses in connection with this action, all of which are hereby expressly reserved.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

WHEREFORE, Insight respectfully submits that the State Court Action is removable to this Court under 28 U.S.C. §§ 1332(a) and 1441(b) and Insight prays that this action stand and remain removed from the Superior Court of the State of California for the County of San Diego to this Court.

Dated: September 30, 2021

**CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**

By: /s/ Kenneth D. Sulzer
 Kenneth D. Sulzer
 Remy Kessler
 Bayan Salehi
Attorneys for Defendant
INSIGHT VENTURE MANAGEMENT, LLC and INSIGHT VENTURE MANAGEMENT, INC.
Email: ksulzer@constangy.com

# EXHIBIT TABLE OF CONTENTS
*JACQUELINE KALTER V. KEYFACTOR, INC., ET AL.*
[Removed from San Diego County Superior Court,
Case No. 37-2021-00034022-CU-WT-CTL]

| Exhibit | Starting Page | Document |
|---|---|---|
| A | 15 | PLAINTIFF'S COMPLAINT |
| B | 39 | STATE COURT FILINGS RECEIVED BY DEFENDANTS INSIGHT VENTURE MANAGEMENT, LLC AND INSIGHT VENTURE MANAGEMENT, INC. |
| C | 70 | DEFENDANT INSIGHT VENTURE MANAGEMENT, LLC'S SIGNED NOTICE AND ACKNOWLEDGMENT OF RECEIPT |
| D | 72 | STATE COURT FILINGS RECEIVED BY DEFENDANT KEYFACTOR, INC. |
| E | 103 | DEFENDANT KEYFACTOR, INC.'S SIGNED NOTICE AND ACKNOWLEDGMENT OF RECEIPT |
| F | 106 | DEFENDANT KEYFACTOR, INC.'S ANSWER TO COMPLAINT |

7763755v.6