UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACQUELINE KALTER,<br><br>                    Plaintiff,<br><br>v.<br><br>KEYFACTOR, INC., et al.,<br><br>                    Defendants. | Case No.:  3:21-cv-1707-L-JLB<br><br>**ORDER ON MOTION TO DISMISS** |

Pending before the Court is Defendants Insight Venture Management, LLC and Insight Venture Management, Inc.'s (collectively, "Insight") motion to dismiss. Plaintiff opposed, and Insight responded. The Court decides the matter on the papers submitted without oral argument. *See* Civ. L. R. 7.1. For the reasons stated below, the Court **GRANTS** the motion.

**BACKGROUND**

In March 2019, Plaintiff was hired at Keyfactor, Inc. as a district sales director. (Compl. at ¶ 25). Plaintiff's responsibilities included marketing and selling Keyfactor's products throughout the Midwest. *Id*.

Sometime in early 2019, Insight, a venture capital firm, invested approximately 77 million dollars in Keyfactor. (*Id*. at ¶ 28). Through that transaction, at least three Insight executives or officers obtained seats on Keyfactor's Board of Directors. (*Id*. at ¶ 15). Insight also received power to hire and appoint executives at Keyfactor and gained management, oversight, input, or control over its operations. (*Id*. at ¶ 16)

In May 2019, Insight appointed Keyfactor's new chief executive officer. (*Id*. at ¶ 29). In August 2019, Keyfactor, with Insight's approval, hired a new vice president of sales. (*Id*. at ¶

31). After that, "various members of leadership at Keyfactor made comments reflecting the corporate preference for hiring younger employees." (*Id.* at ¶ 33).

In late 2019, Keyfactor reassigned several of Plaintiff's accounts and sales territory to a younger sales manager. (*Id.* at ¶ 37). Plaintiff was then terminated in early 2020. (*Id.* at ¶ 38).

Plaintiff alleges "Keyfactor management took additional steps to overhaul its sales team and remake [it] as a vibrant young company," including systematic terminations of other sales directors. (*Id.* at ¶ 43).

Plaintiff asserts several claims, including age discrimination, against Defendants Insight and Keyfactor. Plaintiff generally alleges Insight "compelled, coerced, aided, or abetted the discrimination." (*Id.* at ¶ 13).

Insight removed this action from state court and filed the pending motion to dismiss. (ECFs 1 and 11). Keyfactor filed its answer. (ECF 3).

**DISCUSSION**

Insight argues: (1) the Court lacks personal jurisdiction over it, and (2) Plaintiff failed to state a claim against it. The Court will address the jurisdictional argument first.

Plaintiff bears the burden to establish the Court has personal jurisdiction over Insight. Plaintiff must make a "prima facie showing of jurisdictional facts to withstand the motion to dismiss." *Wash. Shoe Co. v. A-Z Sporting Goods, Inc.*, 704 F.3d 668, 671-672 (9th Cir. 2012). "Uncontroverted allegations in the complaint must be taken as true . . . and [any] conflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004).

"Where . . . there is no applicable federal statute governing personal jurisdiction, the district court applies the law of the state in which the district court sits." *Id.*; *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014) ("federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons.") California's long-arm statute extends jurisdiction over a defendant to the full extent permitted under the federal constitution. Cal. Civ. Proc. Code § 410.10. The "jurisdictional analyses under [California] law and federal due process are [therefore] the same." *Schwarzenegger*, 374 F.3d at 800-01.

"For a court to exercise personal jurisdiction over a nonresident defendant, that defendant must have at least 'minimum contacts' with the relevant forum such that the exercise of

jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" *Id.* at 801 (internal citation omitted).

Under the minimum contacts test, jurisdiction is either general or specific. General jurisdiction exists where the defendant's "affiliations with the state are so 'continuous and systematic' as to render them essentially at home in the forum state." *Daimler AG*, 571 U.S. at 127 (internal citation omitted). For specific jurisdiction, there are three requirements: "(1) the defendant must either purposefully direct [their] activities toward the forum or purposefully avail [themselves] of the privileges of conducting activities in the forum," (2) the claims must relate to those activities, "and (3) the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.*, it must be reasonable." *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1068 (9th Cir. 2017); *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1026 (2021). If a plaintiff establishes the first two prongs, the burden shifts to the defendant to put forth a "compelling case" that the exercise of jurisdiction would be unreasonable. *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1076 (9th Cir. 2011).

Here, Plaintiff does not make any argument as to general jurisdiction.[1] The issue is therefore whether the Court has specific jurisdiction over Insight.

Plaintiff relies on the *Cadler v. Jones*, 465 U.S. 783 (1984), "effects" test that is used to determine "the purposeful direction" prong. *Schwarzenegger*, 374 F.3d at 803.[2] Plaintiff must allege Insight: "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Dole Food Co. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002); *Schwarzenegger*, 374 F.3d at 803; *Axiom Foods, Inc.*, 874 F.3d at 1069. "Express aiming requires more than the defendant's awareness

---

[1] "The paradigmatic locations where general jurisdiction is appropriate over a corporation are its place of incorporation and its principal place of business." *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1069 (9th Cir. 2015). Insight has its principal place of business in New York and is a Delaware corporation/company. (Compl. at ¶¶ 9-10).

[2] The "analysis under the 'purposeful availment or direction' prong of the specific jurisdiction test turns on the nature of the underlying claims. [Courts] generally focus [their] inquiry on purposeful availment when the underlying claims sound in contract and on purposeful direction when they arise from alleged tortious conduct committed outside the forum." *Ayla, Ltd. Liab. Co. v. Alya Skin Pty. Ltd.*, 11 F.4th 972, 979 (9th Cir. 2021) (internal citation omitted).

that the plaintiff it is alleged to have harmed resides in or has strong ties to the forum, because the plaintiff cannot be the only link between the defendant and the forum. Something more—conduct directly targeting the forum—is required to confer personal jurisdiction." *Ayla, Ltd. Liab. Co.*, 11 F.4th at 980 (internal citations, quotation marks, and brackets omitted).

Plaintiff argues personal jurisdiction over Insight exists because it "directly engaged in intentional discrimination or aided and abetted Keyfactor's intentional discrimination aimed in California." (Opposition at 6 and 9). There are no factual allegations in the Complaint to support that assertion. The paragraphs Plaintiff cites are all conclusory. For instance, the only paragraph about Insight's alleged aiding and abetting is: "[Insight] compelled, coerced, aided, and/or abetted the discrimination." (Compl. at ¶ 13). That conclusory assertion mirrors the statute Plaintiff relies on to support liability against Insight. Cal. Gov. Code § 12940(i) (it is an unlawful practice for "any person to aid, abet, incite, compel, or coerce the doing of any of the actions forbidden under this part.")[3]

The Court cannot exercise personal jurisdiction over Insight based on labels or conclusions.[4] *Schwarzenegger*, 374 F.3d at 800 ("plaintiff cannot simply rest on the bare allegations of its complaint."); *see also Ranza*, 793 F.3d at 1070 ("the existence of a parent-subsidiary relationship is insufficient, on its own, to justify imputing one entity's contacts with a forum state to another for the purpose of establishing personal jurisdiction.") Because the Complaint lacks factual allegations as to Insight's conduct aimed at California, the Court

---

[3] Plaintiff raises arguments about the joint employer doctrine and the ability to hold third parties liable for aiding and abetting an employer's discrimination. (Opposition at 6-7). But liability and personal jurisdiction are distinct issues. *Sher v. Johnson*, 911 F.2d 1357, 1365 (9th Cir. 1990) ("liability and jurisdiction are independent. Liability depends on the relationship between the plaintiff and the defendants and between the individual defendants; jurisdiction depends only upon each defendant's relationship with the forum. Regardless of their joint liability, jurisdiction over each defendant must be established individually.") (internal citation omitted); *AT&T v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 590-91 (9th Cir. 1996) ("even if [a defendant] would be liable [under a particular law], [plaintiff] may not use liability as a substitute for personal jurisdiction . . . liability is not to be conflated with amenability to suit in a particular forum.")

[4] Plaintiff also cannot plead new factual allegations in an opposition. *See, e.g., Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).

**GRANTS** their motion.[5] Plaintiff must plead factual allegations to support personal jurisdiction over Insight.

Plaintiff might cure the above deficiencies if given leave to amend. The Court therefore **GRANTS** Plaintiff leave to amend. Fed. R. Civ. P. 15.

**CONCLUSION**

For the reasons stated above, the Court **GRANTS** Insight's motion to dismiss with **LEAVE TO AMEND**. Plaintiff has until **March 21, 2022**, to file an amended complaint.

**IT IS SO ORDERED**.

Dated:  March 4, 2022

_____
Hon. M. James Lorenz
United States District Judge

---

[5] The Court therefore will not address Insight's arguments as to Plaintiff's failure to state a claim.