Mark F. Humenik, Bar No. 231917
Daniel M. Connell, *Pro Hac Vice*
POLK KABAT, LLP
423 South Estate Drive
Orange, CA 92869
Telephone: (949) 636-5754
Email: mhumenik@polkkabat.com
Attorneys for Plaintiff,
JACQUELINE KALTER

*Additional Counsel on Next Page*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACQUELINE KALTER,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>KEYFACTOR, INC.; INSIGHT VENTURE MANAGMENT, LLC; INSIGHT VENTURE MANAGEMENT, INC.; and DOES 1 through 20, inclusive,<br><br>　　　　Defendants. | Case No. 3:21-CV-01707-L-DDL<br><br>**JOINT STIPULATION CONCERNING PLAINTIFF JACQUELINE KALTER'S EMOTIONAL DISTRESS DAMAGES**<br><br>Trial Date:　　　None Set<br>Complaint Filed:　August 9, 2021 |

1.

| | |
|---|---|
| 1 | REBECCA ARAGON, Bar No. 134496 |
| 2 | raragon@littler.com |
|   | RICK REYES, Bar No. 329957 |
| 3 | rireyes@littler.com |
| 4 | LITTLER MENDELSON P.C. |
|   | 633 West 5th Street |
| 5 | 63rd Floor |
| 6 | Los Angeles, California  90071 |
|   | Telephone:  213.443.4300 |
| 7 | Fax No.:     213.443.4299 |
| 8 | |
|   | DAVID S. MAOZ, Bar No. 233857 |
| 9 | LITTLER MENDELSON P.C. |
| 10 | 2049 Century Park East |
|    | 5th Floor |
| 11 | Los Angeles, California  90067 |
| 12 | Telephone:  310.553.0308 |
|    | Fax No.:     310.553.5583 |
| 13 | |
| 14 | Attorneys for Defendant |
|    | KEYFACTOR, INC. |

Plaintiff JACQUELINE KALTER ("Plaintiff") and Defendant KEYFACTOR,

Plaintiff JACQUELINE KALTER ("Plaintiff") and Defendant KEYFACTOR, INC. ("Keyfactor") (collectively, the "Parties"), by and through their counsel of record, hereby stipulate and agree as follows:

**WHEREAS**, on or about August 9, 2021, Plaintiff filed a Complaint in the Superior Court of California, County of San Diego, entitled 37-2021-00034022-CU-WT-CTL (the "Complaint");

**WHEREAS**, the Complaint alleges twelve causes of action for (1) age discrimination, (2) failure to prevent discrimination, (3) associational discrimination, (4) breach of contract, (5) breach of implied covenant of good faith and fair dealing, (6) failure to pay minimum wages, (7) failure to pay accrued time off, (8) failure to pay wages at termination, (9) failure to provide accurate wage statements, (10) failure to reimburse business expenses, (11) retaliation, and (12) unfair business practices;

**WHEREAS**, on or around September 30, 2021, and pursuant to 28 U.S.C. Sections 1332, 1441, and 1446, this Action was removed to the United States District Court for the Southern District of California, entitled *Jacqueline Kalter v. Keyfactor, Inc., et al.*, Case No.3:21-CV-01707-L-JLBx and reassigned as Case No. 3:21-CV-01707-L-DDL;

**WHEREAS**, in her Complaint, Plaintiff alleges emotional distress and seeks non-economic damages, including emotional distress damages, as a result of Keyfactor's alleged actions;

**WHEREAS**, to prepare its claims and defenses, counsel for Keyfactor requested Plaintiff submit to a mental examination pursuant to Federal Rule of Civil Procedure 35 and Plaintiff thereafter declined Keyfactor's request to submit to a mental examination;

**WHEREAS**, the Parties are entering into this stipulation due to the foregoing and based on the foregoing reasons.

**NOW, THEREFORE**, it is hereby stipulated and agreed as follows:

1. Plaintiff will limit her claims for emotional distress damages to include only the suffering and losses that an ordinary person would likely experience in similar

LITTLER MENDELSON P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

circumstances.

2. Plaintiff will not introduce at trial expert testimony, or the testimony of any treating physician or mental health professionals, in support of any alleged emotional distress.

3. Plaintiff will not seek to introduce at trial any medical evidence, including, but not limited to, medical records, itemized bills, reports, laboratory results, or any other type of physical or mental health assessments, in support of any of her claims in this Action.

4. Plaintiff's trial testimony regarding emotional distress will be limited to general testimony regarding her emotional distress, such as the suffering and losses that an ordinary person would likely experience in similar circumstances.

5. Plaintiff will not introduce any evidence of special damages on account of emotional distress. Rather, any and all evidence in support of Plaintiff's emotional distress will be limited to her own testimony or the testimony of any other fact witness.

6. The Parties reserve their respective rights to present and/or object to evidence and discovery consistent with this Stipulation and as adjudicated by the Court in light of this Stipulation. Further, nothing in this Stipulation shall be construed, either explicitly or implicitly, to constitute a waiver of either Party's rights to discovery of any relevant or necessary information to prepare its claims and/or defenses.

//
//
//
//
//
//
//
//
//

7.  This Stipulation shall immediately be deemed null and void only in the event that Keyfactor files a motion to compel Plaintiff to submit to a mental examination pursuant to Federal Rule of Civil Procedure 35 and the Court grants said motion to compel and requires Plaintiff to submit to a mental examination.

**IT IS SO STIPULATED.**

Dated: August 31, 2022

LITTLER MENDELSON P.C.

_____
Rebecca Aragon
David Maoz
Rick Reyes
Attorneys for Defendant
KEYFACTOR, INC.

Dated: August 31, 2022

POLK KABAT, LLP

/s/*Mark F. Humenik*
Mark F. Humenik
Daniel M. Connell
Attorneys for Plaintiff
JACQUELINE KALTER

4877-9820-2924.8 / 110385-1005

## SIGNATURE CERTIFICATION

Pursuant to Section 2(f)(4) of the Electronic Case Filing Administrative Policies and Procedures Manual, I hereby certify that the content of this document is acceptable to Mark Humenik, counsel for Plaintiff Jacqueline Kalter, and that I have obtained Mr. Humenik's authorization to affix his electronic signature to this document.

_____
Rick Reyes
Email: rireyes@littler.com

6.