UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACQUELINE KALTER, an individual,<br><br>                                    Plaintiff,<br><br>v.<br><br>KEYFACTOR, INC., ET. AL.,<br><br>                                    Defendants. | Case No.:  21-cv-1707-L-DDL<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM DEFENDANT KEYFACTOR, INC.**<br><br>**[Dkt. No. 52]** |

Before the Court is Plaintiff Jacqueline Kalter's Motion to Compel Production of Documents from Defendant Keyfactor, Inc. in response to Plaintiff's Requests for Production of Documents, Set One, No. 11 ("RFP 11"). Dkt. No. 52. Plaintiff seeks to compel production of certain financial information from Defendant to support her claims for economic and punitive damages. The Court GRANTS the Motion.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1

# I.

# BACKGROUND

On April 7, 2022, Plaintiff served Defendant with Set One of her Requests for Production of Documents. RFP 11 seeks the following:

> Please produce all Documents reflecting the operating income, financial statements, or net worth of Keyfactor from January 1, 2019 through the present.

Dkt. No. 52-1 at 8. On June 24, 2022, Defendant served its initial response with the following objections to RFP 11:

> Defendant incorporates by reference each and every one of the objections set forth in the General Objections into this response by way of this reference as though fully set forth herein. Defendant objects to this request on the grounds that it is overbroad in time and scope, burdensome, oppressive and harassing. Defendant objects to this request to the extent it seeks documents that are private, confidential, and proprietary. Defendant further objects to this request on the grounds that it is vague, ambiguous and unintelligible as phrased, in turn, preventing Defendant from responding without speculation. Defendant further objects to this request on the grounds that it is premature and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

On July 8, 2022, the parties engaged in meet and confer efforts concerning Defendant's responses to Plaintiff's discovery requests. *See* Dkt. No. 52-1 at 2, ¶ 5. On July 18, 2022, Plaintiff's counsel stated its understanding of the parties' agreement to narrow the scope of time for which Defendant's financial records and information were requested:

> 20. <u>RFP 11</u>: Keyfactor will produce documents reflecting the current operating income, financial statements, and net worth of Keyfactor from the most recently completed 2021 fiscal year.

*See id.* at 29. Defendant disputes that it agreed to supplement this response.

## II.
## LEGAL STANDARD

The Federal Rules of Civil Procedure permit a broad scope of discovery: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id*. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.

A motion to compel discovery is appropriate when a party fails to answer an interrogatory or fails to produce documents in response to a request for production. Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv). An evasive or incomplete answer or response is treated as a failure to answer or respond. Fed. R. Civ. P. 37(a)(4). The party seeking to compel discovery bears the burden of establishing that the requested discovery is relevant to a claim or defense, while the party opposing discovery has the burden to show that the discovery should be prohibited, as well as the burden of clarifying, explaining, and supporting its objections. *See FlowRider Surf, Ltd. v. Pacific Surf Designs, Inc.*, No. 15-cv-1879-BEN-BLM, 2016 WL 6522807, at *2 (S.D. Cal. Nov. 3, 2016).

## III.
## DISCUSSION

A. **The Parties' Positions**

Plaintiff argues that the information requested in RFP 11 is "relevant and essential to Plaintiff's damages claims, including for economic and punitive damages." Dkt. No. 52 at 7. Plaintiff further explains that Defendant's financial statements and other documents reflecting Defendant's financial condition will help her prove general economic damages

and expected loss of future income as a result of losing her sales position.[1]  *See* Dkt. 52 at 8.  Defendant does not dispute that financial documents may be relevant to establishing punitive damages but contends that "Keyfactor's finances – in any way, shape, or form – are not discoverable until Plaintiff makes a *prima facie* showing of a triable issue regarding punitive damages." Dkt. No. 53 at 8.

### B. Plaintiff Is Entitled To Discovery Relevant To Punitive Damages

"[W]here a plaintiff states a claim for punitive damages, a defendant's financial information is relevant."  *Toranto v. Jaffurs*, No. 16CV1709-JAH (NLS), 2018 WL 6062516, at *3 (S.D. Cal. Nov. 20, 2018).  The question is whether Plaintiff is entitled to this information now, as she contends, or whether Defendant is correct that discovery relating to punitive damages is appropriate only after a finding of liability.

Although the "Ninth Circuit has not defined the parameters of the dissemination of financial information during discovery when punitive damages are alleged . . . [t]he approach employed by the majority of federal courts is that a plaintiff seeking punitive damages is entitled to discover information relating to the defendant's financial condition in advance of trial without making a prima facie showing that he is entitled to recover such damages." *E.E.O.C. v. Cal. Psychiatric Transitions*, 258 F.R.D. 391, 394-95 (E.D. Cal. 2009) (citation omitted).  *See also Echostar Satellite LLC v. Viewtech, Inc.*, No. 07CV1273-W (AJB), 2009 WL 10672432, at *2 (S.D. Cal. July 11, 2009) ("When a punitive damages claim is asserted, the majority of federal courts permit pretrial discovery of financial information without requiring the Plaintiff to establish a prima facie case on the issue of punitive damages.").  "The countervailing approach is that plaintiff must first allege specific facts sufficient to support a claim for punitive damages." *E.E.O.C.*, 258

---

[1] Because this Order resolves Plaintiff's entitlement to the requested documents to establish punitive damages, the Court does not address Plaintiff's contention that the documents also are relevant to establishing general economic damages.

F.R.D. at 395 (holding that plaintiff was entitled to punitive damages discovery under either approach).

Multiple decisions from this District have followed the majority approach. *See, e.g., Echostar Satellite LLC*, 2009 WL 10672432, at *2-3; *Toranto*, 2018 WL 6062516, at *3-4; *L.S. v. Oliver*, No. 19cv746-JLS-LL, 2019 WL 4849174, at *3 (S.D. Cal. Oct. 1, 2019); *Thai v. County of Los Angeles*, No. 15cv583-WQH (NLS), 2022 WL 2873214, at *2-3 (S.D. Cal. July 21, 2022). As explained by the *Echostar Satellite* court, "the requirement that Plaintiffs establish a prima facie case applies to the admissibility of evidence about financial status, not its discoverability. To require a prima facie showing of entitlement to punitive damages before the completion of discovery would be to ignore one purpose of discovery, to locate evidence to support a claim before trial." *Echostar Satellite LLC*, 2014 WL 12639317, at *2. Moreover, "to deny discovery of net worth until Plaintiffs can make a showing of a prima facie case at trial would only lead to delay and confusion while Plaintiffs digest the information." *Id.*

The cases cited by Defendant are distinguishable. In *Brooks v. Motsenbocker Advanced Devs., Inc.*, No. 07cv773-BTM-NLS, 2008 WL 2446205 (S.D. Cal. June 13, 2008), the Court recognized that the plaintiff was "entitled to discovery on Defendants' financial information." *Id.* at *5. However, given the pending motion for summary judgment that would resolve the punitive damages issue, *Brooks* found that "requiring the extensive production at this point in the litigation appears to be an inefficient use of the parties' resources" and that "Plaintiffs will suffer no prejudice in postponing the production of Defendants' financial information until after the ruling on the summary judgment motion, and only if the issue of punitive damages remains relevant." *Id.* at *5. Here, in contrast, there is no pending motion for summary judgment, and the efficiency concerns cited by *Brooks* are not at issue. *See L.S.*, 2019 WL 4849174, at *3 (distinguishing *Brooks* where no pending motion for summary judgment); *Toranto*, 2018 WL 6062516, at *4 (same).

///

*Garcia v. City of Imperial*, 270 F.R.D. 566 (S.D. Cal. 2010) involved claims against individual police officers for alleged excessive use of force, which "implicate[d] an additional layer of liability analysis on the question of qualified immunity for police officers. Under those circumstances, the court concluded that the plaintiff was not entitled to discovery regarding the defendant officers' personal finances absent some showing of entitlement to punitive damages." *Vieste, LLC v. Hill Redwood Dev.*, No. C-09-04024 JSW DMR, 2011 WL 855831, at *2 (N.D. Cal. Mar. 9, 2011) (distinguishing *Garcia* and ordering discovery on punitive damages).

The Court elects to follow the majority approach and holds that Plaintiff is not required to make a *prima facie* showing of her entitlement to punitive damages prior to obtaining discovery relevant to punitive damages. Plaintiff seeks "documents reflecting the current operating income, financial statements, and net worth of Keyfactor from the most recently completed 2021 fiscal year." The Court finds the one-year time limitation to be reasonable given that "[c]ourts have typically held two years worth of financial information to be sufficient." *L.S.*, 2019 WL 4849174, at *4. Defendant shall produce balance sheets, statements of income, and statements of cash flow from the most recent fiscal year for which they are available. *See id.* The existing protective order will adequately protect this information from unwarranted disclosure. *Id.* at *3.

## C.    The Boundaries of Appropriate Advocacy

Defendant's opposition brief cites *E.E.O.C. v. Cal. Psychiatric Transitions*, 258 F.R.D. 391, 394-95 (E.D. Cal. 2009), as holding that "discovery of financial information proper only where plaintiff submitted sufficient evidence showing defendant 'allegedly acted in reckless disregard of the [plaintiff's legal] rights.'" Dkt. No. 53 at 5. Defendant's description of *E.E.O.C.* is demonstrably incorrect because, contrary to Defendant's representation, *E.E.O.C.* did not adopt the "countervailing view." Rather, *E.E.O.C.* expressly found that "under either approach, Plaintiff has met its burden." *E.E.O.C.*, 258 F.R.D. at 395.

/ / /

The Court directed Defendant to file supplemental briefing addressing the accuracy of its citation to *E.E.O.C.* In its supplemental brief, Defendant acknowledges that *E.E.O.C.* described a split of authority and that Defendant's parenthetical citation to *E.E.O.C.* (asserting that *E.E.O.C.* adopted the minority view advocated by Defendant) "was the result of overzealous advocacy." Dkt. No. 58 at 2.

The Court appreciates counsel's duty to zealously advocate on their client's behalf and that, at times, "overzealous advocacy" may result. For example, Defendant's opposition brief asserts that "[c]ase law is legion" in support of Defendant's position that punitive damages discovery is appropriate only after a finding of liability. Dkt. No. 53 at 10. But Defendant's brief fails to point out that this is, in fact, the minority position or explain how case law can be "legion" in support of a minority position. That being said, the erroneous use of a stray word, while ill-advised, might be attributable to "overzealous advocacy" and overlooked by the Court.

"Overzealous advocacy" is one thing, but it is entirely another to mischaracterize the holding of a case. Counsel has "a duty to verify that its citations to legal authority are accurate," and "[f]ailure to do so not only constitutes ineffective advocacy, but also implicates counsel's reputation and duty of candor to the Court." *Somers v. Express Scripts Holdings*, No. 115CV01424JMSDKL, 2017 WL 1332145, at *10 (S.D. Ind. Apr. 11, 2017). To be clear, the Court agrees with Defendant that "[t]he existence of competing approaches does not foreclose a good-faith contention that one approach, and not the other, should apply." Dkt. No. 58 at 3. But that presupposes that counsel acknowledge the existence of competing approaches (which Defendant did not) and accurately cite the authority in support of either approach (which Defendant did not). Defense counsel are directed to ensure that all future filings in this matter fulfill their duty of candor to the Court.

Defendant's supplemental brief should have ended with a simple acknowledgement that its citation to *E.E.O.C.* was inaccurate. But Defendant attempts to turn the brief to its own advantage by accusing Plaintiff of "fail[ing] to address or raise this issue at all" and

contending that Plaintiff has made an "implicit concession and failure to oppose application of the standard advocated by Defendant." Dkt. No. 58 at 3. This argument is outside the scope of what the Court ordered and is utterly meritless as well. Plaintiff's brief correctly cited the *E.E.O.C.* Court's statement of the majority approach. Dkt. No. 52 at 6. Moreover, the idea that Plaintiff "failed to oppose application of the standard advocated by Defendant" is wrong given that the Court precluded the parties from filing reply briefs on the motions to compel, meaning Plaintiff was unable to respond to Defendant's subsequently-filed opposition to her motion. The fact that Defendant would view a supplemental brief caused by its own failure to properly cite authority as an opportunity to seek a tactical advantage demonstrates poor judgment to say the least.

## IV.
## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion to Compel Production of Documents from Defendant Keyfactor, Inc. Defendant shall produce documents responsive to RFP 11 no later than **November 21, 2022**.

**IT IS SO ORDERED.**

Dated: November 7, 2022

_____
Honorable David D. Leshner
United States Magistrate Judge