UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACQUELINE KALTER, an individual,<br><br>Plaintiff,<br><br>v.<br><br>KEYFACTOR, INC., et al.,<br><br>Defendants. | Case No.:  21-cv-1707-L-DDL<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT KEYFACTOR INC.'S MOTION TO COMPEL SUPPLEMENTAL DISCOVERY RESPONSES AND PRODUCTION OF DOCUMENTS, ELECTRONICALLY STORED INFORMATION, AND TANGIBLE THINGS**<br><br>**[Dkt. No. 51]** |

Before the Court is Defendant Keyfactor, Inc.'s Motion to Compel Supplemental Discovery Responses and Production of Documents, Electronically Stored Information, and Tangible Things from Plaintiff Jacqueline Kalter in response to Defendant's various discovery requests.  Dkt. No. 51.  Specifically, Defendant seeks an order compelling Plaintiff to produce supplemental responses to its Requests for Production of Documents, Set One; Special Interrogatories, Sets One and Two; and Requests for Admission, Set One. For reasons set forth below, the Motion is granted in part and denied in part.

/ / /

1

# I.

## BACKGROUND

Plaintiff alleges that she was employed by Defendant as a District Sales Director and that she was unlawfully terminated due to her age when Defendant sought to remake itself as a "vibrant, young company." *See* Dkt. No. 1-2. Plaintiff's Complaint alleges causes of action for age discrimination, breach of contract and related wage and hour violations. *Id*.

# II.

## LEGAL STANDARDS

The Federal Rules of Civil Procedure permit a broad scope of discovery: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id*. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.

"If the party requesting discovery is dissatisfied with any of the responses, the party may move to compel further responses by informing the court which discovery requests are the subject of the motion to compel, and, for each disputed response, inform the court why the information sought is relevant and why the opposing party's objections are not justified." *Heilman v. Cook*, No. 14-CV-01412-JLS-AGS, 2017 WL 491737, at *1 (S.D. Cal. Feb. 6, 2017) (citation omitted). "The party seeking to compel discovery has the burden of establishing that its request satisfies the relevance requirement of Rule 26." *FlowRider Surf, Ltd. v. Pacific Surf Designs, Inc.*, No. 15-cv-1879-BEN-BLM, 2016 WL 6522807, at *2 (S.D. Cal. Nov. 3, 2016). "Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining, and supporting its objections." *Id.* (citations omitted).

/ / /

/ / /

# III.

## DISCUSSION

Defendant moves to compel responses to its Requests for Production of Documents ("RFP"), Special Interrogatories, and Requests for Admission ("RFA"). The parties group the discovery requests by topic, and the Court does the same.

**A.      Plaintiff's Job Performance (RFA No. 55)**

Defendant's RFA No. 55 provides: "Admit that YOU never refused to perform any activity requested of YOU by DEFENDANT." It is not readily apparent how this RFA – which asks plaintiff to admit that she "never refused" (i.e., always agreed) to do what Defendant told her – is relevant to any claim or defense in this age discrimination case. Defendant contends the RFA seeks information that is "highly relevant, as Keyfactor terminated Plaintiff due to her poor job performance, e.g., failure to meet sales expectations . . . ." *See* Dkt. No. 51 at 10. But Defendant does not explain how an admission by Plaintiff that she "never refused" to perform unspecified requested activities is relevant to her allegedly sub-par job performance that Defendant asserts was the basis for her termination. Defendant cites a case for the proposition that an employee's "history of insubordination" may be relevant, but in prior discovery conferences Defendant has taken the position that Plaintiff was terminated for not making sales, and Defendant's motion does not argue that insubordination was the cause for Plaintiff's termination.

Defendant has failed to make a threshold showing that the information sought is relevant to a claim or defense, and the Court **DENIES** the Motion to Compel as to RFA No. 55.

**B.      Witness Information (RFP No. 138; Special Interrogatory No. 4)**

Defendant's RFP No. 138 and Special Interrogatory No. 4 seek information and documents regarding the identity and contact information of Plaintiff's witnesses pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(i). *See* Dkt. No. 51 at 10. Plaintiff objects on the grounds that the information is not only equally available to Defendant, but "more easily available and less expensive for Keyfactor to obtain." *See* Dkt. No. 54 at 12.

Plaintiff further states that she is willing to provide the addresses and telephone numbers for those witnesses whose contact information Defendant does not already have or cannot access. *Id.*

As a general matter, a party may not decline to respond to discovery requests on the ground that the information sought is equally available to the propounding party. *See Pangborn v. Los Angeles Cty. Deputy Sheriffs Lt. Baudino*, No. CV 15-6812 AB(JC), 2018 WL 6265055, at *4 (C.D. Cal. Sep. 27, 2018) (collecting cases); *see also Myhre v. Seventh-Day Adventist Church Reform Movement Am. Union Int'l. Missionary Soc'y*, 298 F.R.D. 633, 646-47 (S.D. Cal. 2014) (overruling equally available objection to interrogatory). While Federal Rule of Civil Procedure 26(b)(2)(C)(i) limits the duty to produce discoverable information when it is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive," Plaintiff has not provided any basis to support a finding that convenience, undue burden, or expense are legitimate concerns here such that her duty to produce otherwise discoverable information should be limited. She merely makes a conclusory argument that it is "more easily available and less expensive" if Defendant obtains the witness information it seeks. Moreover, Plaintiff has not indicated how she would determine which witnesses' contact information Defendant already has or cannot access.

The Court **GRANTS** the Motion to Compel as to RFP No. 138 and Special Interrogatory No. 4. Plaintiff shall provide supplemental responses and any responsive documents on or before **November 30, 2022**.

## C.   <u>Information Regarding The Attorney-Client Relationship (RFP No. 64)</u>

Defendant's RFP No. 64 seeks "all documents evidencing who contacted whom first and when that contact occurred" between Plaintiff and her counsel. Defendant believes that documents showing "the sequence and timing predating the attorney-client relationship" may be relevant to show whether Plaintiff's counsel recruited her to bring the instant action against Keyfactor and whether Plaintiff and her counsel "colluded" with

another former Keyfactor employee, John Polcari, whom Plaintiff's counsel previously represented in a separate employment action. Dkt. No. 51 at 14.

Defendant has failed to show how information regarding the inception of the attorney-client relationship between Plaintiff and her counsel or communications between Plaintiff and Mr. Polcari are relevant to any claim or defense in this matter. Moreover, in a supplemental response to Defendant's Special Interrogatory No. 20, Plaintiff disclosed that Keyfactor employee Rachel Ann Sabato referred her to the Polk Kabat firm, not Polcari. Dkt. No. 54 at 14, n. 9. Assuming that the initiation of the attorney-client relationship between Plaintiff and her counsel is relevant – an issue the Court does not reach – Plaintiff's supplemental response addresses the question of how the attorney-client relationship between Plaintiff and her counsel came to fruition.[1] The Court **DENIES** the Motion to Compel as to RFP No. 64.

## D. Documents that Plaintiff Relied Upon to Support Discovery Responses and Allegations in Complaint (RFP Nos. 50, 51, 52, 53, 86, 88, 125)

Defendant asserts that RFP Nos. 50, 51, 52, 53, 86, 88 and 125 seek documents supporting Plaintiff's contentions. Plaintiff responds that it has produced all nonprivileged documents responsive to these RFPs. Dkt. No. 54, at 13-14. However, Plaintiff contends

---

[1] The Court takes seriously allegations implicating ethics and professional responsibility, and any party "should be wary of making such serious accusations without evidentiary or legal support." *Arevalo v. Hyatt Corp.* No. CV 12–7054 JGB (VBKx), 2013 WL 2042555, at *6, n. 3 (C.D. Cal. May 13, 2013). Here, Defendant's speculation regarding potential "collusion" is predicated on conditional statements that "**[i]f** Plaintiff's counsel first contacted Plaintiff, this **may** indicate that Plaintiff was solicited or recruited to bring this analogous, collusive actions [sic] against Keyfactor," and that "such documents **could** be highly relevant to whether Plaintiff and her counsel colluded (or are colluding) with John Polcari . . . " Dkt. No. 51 at 14 (emphasis added). Although the point of discovery is to obtain evidence relating to claims and defenses, the Court does not appreciate speculative and vague assertions of undefined "collusion" and insinuations of ethical violations with no supporting evidence or information.

5

Defendant "is not entitled to discover which documents Kalter and her attorneys used in preparing her responses because doing so would violate privilege and work-product protections." *Id.* at 14.

### 1. <u>Documents Used to Prepare Discovery Responses (RFP Nos. 50, 52)</u>

RFP Nos. 50 and 52 seek all documents used in the preparation of Plaintiff's responses to Defendant's RFAs and Special Interrogatories. Plaintiff objected to these RFPs on work product grounds, and the Court concludes this objection is well-founded.

In *Sporck v. Peil*, 759 F.2d 312, 316 (3d Cir. 1985), the Third Circuit held that "the selection and compilation of documents by counsel…in preparation for pretrial discovery falls within the highly-protected category of opinion work product." Subsequent decisions from this Circuit have followed *Sporck*. *See Stevens v. Corelogic, Inc.*, No. 14cv1158 BAS (JLB), 2016 WL 397936, at *9 (S.D. Cal. Feb. 2, 2016) (denying motion to compel defendants to answer deposition questions regarding documents reviewed in preparation for depositions to the extent plaintiffs sought disclosure of documents selected by counsel to prepare defendants for depositions); *San Diego Unif. Port Dist. v. Monsanto Co.*, No. 15-cv-0578-WQH-AGS, 2018 WL 3656298, at *3 (S.D. Cal. Aug. 2, 2018); *Williams v. County of San Diego*, No. 17-cv-00815-MMA (JLB), 2018 WL 4961523, at *5 (S.D. Cal. Oct. 15, 2018) (interrogatories and a request for production asking the producing party to identify and produce documents counsel reviewed "in conjunction with" the litigation sought information covered by the work product doctrine); *see also McKie v. Sears Prot. Co.*, No. CV 10-1531-PK, 2011 WL 1670910, at *2 (D. Or. May 3, 2011) (not citing *Sporck* but holding that interrogatory seeking "a list of documents consulted by defendants in the preparation of answers to interrogatories" would require disclosure of work product).[2]

---

[2] Other cases have followed the *Sporck* dissent, reasoning that "[e]very act by a litigant or his attorney gives rise to…vague inferences" concerning counsel's strategy and thought processes that will inevitably be revealed, thereby leaving no room for an attorney to reasonably expect that their mental impressions will remain hidden for the duration of litigation. *See In re San Juan Dupont Plaza Hotel Fire Litig.*, 859 F.2d 1007, 1015-17 (1st

1    The Court concludes that RFP Nos. 50 and 52 seek protected work product because

2    identification and production of the specific documents used by Plaintiff's counsel in

3    preparing responses to Defendant's RFAs and Special Interrogatories would reveal

4    counsel's mental process in preparing Plaintiff's case. *United States v. Nobles*, 422 U.S.

5    225, 238 (1975) ("At its core, the work-product doctrine shelters the mental processes of

6    the attorney, providing a privileged area within which he can analyze and prepare his

7    client's case."); *Sporck*, 759 F.2d at 316 ("In selecting and ordering a few documents out

8    of thousands counsel could not help but reveal important aspects of his understanding of

9    the case.").

10    This is not to say that nonprivileged documents reviewed by Plaintiff's counsel in

11    preparing discovery responses are exempt from discovery.  If those documents were

12    responsive to other RFPs, then they would be subject to disclosure.  But given that the work

13    product doctrine allows a deponent to decline to divulge the specific documents he or she

14    reviewed with counsel to prepare for a deposition, *Stevens*, 2016 WL 397936, at *9, the

15    doctrine also allows Plaintiff to decline to identify the specific subset of documents relied

16    upon by counsel in preparing her written discovery responses.   The Court **DENIES**

17    Defendant's Motion to Compel as to RFP Nos. 50 and 52.

18    **2.   <u>RFP Nos. 51, 53, 86, 88 and 125</u>**

19    Plaintiff asserts she has produced all nonprivileged documents that are responsive to

20    these RFPs.  Dkt. No. 54 at 13-14.  Defendant contends that Plaintiff may not have

21    produced all discoverable documents and concludes that Plaintiff "appears to have cherry

22

23

24    Cir. 1988) (citing *Sporck*, 759 F.2d at 319) (Seitz, J., dissenting) (attorney's process of

25    selecting documents to use in the course of taking depositions did not implicate opinion

26    work product protections); *Disability Rights Council of Greater Wash. v. Wash. Metro.

27    Transit Auth.*, 242 F.R.D. 139, 144 (D.D.C. 2007) (compilation of discoverable documents

28    did not rise to the level of opinion work product when it was, at most, fact-based work
     product).

21-cv-1707-L-DDL

picked certain documents she felt comfortable with producing." Dkt. No. 51 at 13. However, given Plaintiff's representation that she has produced all responsive, nonprivileged documents for these RFPs, and absent any indication that Plaintiff is improperly withholding documents, the Court cannot compel further responses:

> [A] court cannot order a party to produce documents that do not exist. A [party's] mere suspicion that additional documents must exist is an insufficient basis to grant a motion to compel. Rather, the moving party must have a colorable basis for its belief that relevant, responsive documents exist and are being improperly withheld.

*AECOM Energy & Construction, Inc. v. Ripley*, No. CV 17-5398 RSWL (SSx), 2018 WL 4705914, at *8 (C.D. Cal. Apr. 26, 2018) (citation omitted).

The chart submitted by Defendant shows that Plaintiff's responses to RFP Nos. 51, 53, 86 and 88 contain objections only. Dkt. No. 51 at 24, 29, 30. However, Defendant is entitled to verified responses stating that Plaintiff has produced all responsive documents if that is the case. If Plaintiff has produced all responsive documents, she must supplement her responses to so state. *See* Fed. R. Civ. P. 34(b)(2)(B) ("For each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons."); *Gee v. Gallardo*, No. CV 18-2717 JGB (PVC), 2020 WL 2083018, at *6 (C.D. Cal. Mar. 5, 2020) ("Rule 34 expressly requires that objections to requests for production be stated with specificity, and that the responding party affirmatively state whether any documents are being withheld pursuant to an objection.").

The Court **GRANTS** Defendant's Motion to Compel as to RFP Nos. 51, 53, 86 and 88. On or before **November 30, 2022**, Plaintiff shall supplement her responses to clearly indicate whether all responsive documents have been produced.

The Court **DENIES** the Motion as to RFP No. 125.

/ / /

/ / /

**E.**     **Plaintiff's Damages (RFP Nos. 73, 74, 75, 76, 78, 79, 82, 83, 84, 104, 105; Special Interrogatories Nos. 1, 21, 22, 23, 24)**

Defendant seeks to compel production of documents and interrogatory responses concerning "(1) Plaintiff's damages, computation, and causation thereof, (2) her mitigation efforts, and (3) medical and/or psychological treatment records in connection with the allegations in the Complaint." Dkt. No. 51 at 11. Plaintiff responds that (1) she has provided adequate estimates of her economic damages which will be supplemented through expert discovery, (2) she has produced all documents regarding her mitigation efforts and (3) her medical records and information are not subject to discovery given her privacy interests and the parties' Joint Stipulation. Dkt. No. 54 at 13-14.

**1.     Computation of Damages**

Defendant's Special Interrogatory No. 1 seeks information regarding the amount of damages Plaintiff is seeking. Plaintiff objects on the ground that Defendant has not produced all documents relevant to Plaintiff's economic damages calculations and that the Special Interrogatory is premature because Plaintiff has not retained an expert witness on economic damages. Plaintiff's response explains that she will seek pro-rata payment of her annual salary, prejudgment interest, minimum wages and penalties for wage and hour violations.

The Court concludes that Plaintiff's response to Special Interrogatory No. 1 regarding her claimed economic damages is adequate given the information currently available to Plaintiff. Economic damages, including lost future earnings, will be the subject of expert analysis. Moreover, if Defendant has designated relevant information as "Confidential – For Counsel Only" under the Protective Order, as Plaintiff asserts, then only counsel and independent experts may view that information and use it to calculate economic damages. *See* Dkt. No. 33. The Court **DENIES** Defendant's Motion as to Special Interrogatory No. 1.

/ / /

/ / /

### 2.     Non-Economic Damages Generally

RFP Nos. 73 and 74 and Special Interrogatory No. 21 seek information regarding Plaintiff's claimed non-economic damages, including emotional distress.   Plaintiff's responses consist of objections only.

As a general matter, Defendant is entitled to discovery regarding Plaintiff's claimed non-economic damages.   *See, e.g., Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 471 (N.D. Tex. 2005) (ordering production of "all documents maintained by or for Plaintiffs, including diaries and journals, that relate to physical, mental, and/or emotional injuries"). Other than medical treatment records and information that are addressed below, Defendant is entitled to information and documents regarding Plaintiff's claimed non-economic damages.   The Court **GRANTS** the Motion to Compel as to RFP Nos. 73 and 74 and Special Interrogatory No. 21.   As described below, Plaintiff's responses will not include documents or information covered by the parties' stipulation, including documents and information reflecting medical or psychological treatment.   Plaintiff shall provide supplemental responses and any responsive documents on or before **November 30, 2022**.

### 3.     Plaintiff's Medical Treatment and Records

RFP Nos. 75, 78, 79, 82, 83, 104 and 105 and Special Interrogatory Nos. 22 and 23 seek documents and information regarding Plaintiff's medical treatment and records. Plaintiff contends this information is irrelevant in light the parties' stipulation regarding the limitations on Plaintiff's claimed emotional distress damages.   The Court agrees with Plaintiff.

On August 31, 2022, Plaintiff and Defendant stipulated that "Plaintiff will limit her claims for emotional distress damages to include only the suffering and losses that an ordinary person would likely experience in similar circumstances." Dkt. No. 41 at 3-4.   As part of the stipulation, Plaintiff agreed not to introduce at trial any expert testimony "or the testimony of any treating physician or mental health professionals, in support of any alleged emotional distress" and further agreed not to introduce at trial any medical records or physical or mental health assessments.   *Id.* at 4.

Given the parties' stipulation limiting Plaintiff's claimed emotional distress damages, the Court concludes that Plaintiff's medical records and other information regarding any medical, psychological or psychiatric treatment are not relevant. *See Anderson v. Abercrombie & Fitch Stores*, Inc., No. 06CV991-WQH(BLM), 2007 WL 1994059, at *4 (S.D. Cal. July 2, 2007) (denying motion to compel medical and psychiatric records in wrongful termination action because "Plaintiff has [] limited his claim for emotional distress to the standard mental injuries associated with an allegedly wrongful termination, and in turn has tacitly agreed not to present at trial physical evidence of emotional distress, such as any medical treatment or supporting records, or evidence of any emotional distress beyond that normally accompanying wrongful termination").

The Court **DENIES** the Motion to Compel as to RFP Nos. 75, 78, 79, 82, 83, 104, 105 and Special Interrogatory Nos. 22 and 23.

### 4.   RFP No. 76

RFP No. 76 seeks documents reflecting Plaintiff's efforts to mitigate her damages. Plaintiff asserts that she produced all responsive documents (Dkt. No. 54 at 12), but her response to this RFP asserts objections only.  Defendant is entitled to a verified response stating that Plaintiff has produced all responsive documents.  *Gee*, 2020 WL 2083018, at *6.

The Court **GRANTS** Defendant's Motion to Compel as to RFP No. 76.  On or before **November 30, 2022**, Plaintiff shall supplement her response to clearly indicate whether all responsive documents have been produced.

### 5.   RFP No. 84 and Special Interrogatory No. 24

The Court **DENIES** the Motion to Compel as to RFP No. 84 and Special Interrogatory No. 24 because the record reflects that Plaintiff has fully responded to these requests to the best of her knowledge.  Dkt. No. 51 at 29, 37-38.

/ / /

/ / /

/ / /

**F.      Plaintiff's Electronic Devices (RFP Nos. 15, 16, 40)**

Defendant seeks production of Plaintiff's personal electronic and storage devices currently in her possession which contain information regarding Defendant and the duties she performed as a fully remote District Sales Director, as follows:

> **REQUEST FOR PRODUCTION NO. 15:** All electronic devices and storage devices, including but not limited to work and personal computers, Apple iPhones or other smartphones, tablet computers, Amazon Kindles, USB, flash drives, and external hard drives, that contain or have contained information that that [sic] pertain to services that YOU provided to DEFENDANT.
> […]
> **REQUEST FOR PRODUCTION NO. 16:** All electronic devices and storage devices, including but not limited to work and personal computers, Apple iPhones or other smartphones, tablet computers, Amazon Kindles, USB, flash drives, and external hard drives, that contain or have contained information that pertain to DEFENDANT.
> […]
> **REQUEST FOR PRODUCTION NO. 40:** Produce all personal cell phones that YOU had from the date of YOUR hire by DEFENDANT up to and including the present for inspection by a forensic computer expert who will search the phone for texts and/or emails regarding DEFENDANT and/or confirm when the cell phones were wiped clean.

Dkt. No. 51 at 16, 19, 21.  Defendant states this information is relevant to its investigation of Plaintiff's job performance and supports its legal defenses.  *See id.* at 8.  Defendant further contends that Plaintiff's decision to upgrade the iPhone she used to perform her remote duties during her employment with Keyfactor negligently caused the destruction of ESI.  *See id.*  Defendant argues that, as a result of this loss of relevant evidence, it is "imperative [Plaintiff] permit the inspection of her current electronic device(s) for expert forensic inspection," because "[i]t is plausible that a forensic expert may retrieve ESI, documents, or information that Plaintiff and/or her counsel may believe has been lost."  *Id.* at n. 4.

Plaintiff objects to the requests as overbroad because the scope of the search would encompass personal, non-employment related information maintained on her phone. Plaintiff contends that Defendant has not laid a proper foundation to show that her phone contains communications relevant to the issues in the case and that Defendant has failed to indicate whether the information sought can be obtained by less intrusive means. *See* Dkt. No. 54 at 10-11.

"It is not unusual for a court to enter an order requiring the mirror imaging of the hard drives of any computers that contain documents responsive to an opposing party's request for production of documents." *Lifetouch Nat'l Sch. Studios, Inc. v. Moss-Williams*, No. C10–05297 RMW (HRL), 2013 WL 11235928, at *2 (N.D. Cal. Oct. 15, 2013). However, the party seeking discovery of the device must establish relevance by demonstrating a sufficient nexus between the violations alleged and the device to be searched. *See id.* (finding a sufficient nexus where the plaintiff "alleges that [the defendant] had its proprietary information and trade secrets on a thumb drive that she connected to at least one [competitor employer's] computer"); *Hardy v. UPS Ground Freight, Inc.*, No. 3:17-CV-30162-MGM, 2019 WL 3290346, at *2 (D. Mass. July 22, 2019) ("When determining whether to grant a motion to compel the forensic imaging of a cell phone or other electronic device, courts have considered whether the examination will reveal information that is relevant to the claims and defenses in the pending matter and whether such an examination is proportional to the needs of the case given the cell phone owner's compelling privacy interest in the contents of his or her cell phone.").

Even when the requesting party establishes the relevance sought from the subject electronic device, "the discovery must be targeted and proportional to the needs of the case." *In re Anthem, Inc. Data Breach Litigation*, No. 15-md-02617 LHK (NC), 2016 WL 11505231, at *2 (N.D. Cal. Apr. 6, 2016) (finding request for forensic imaging of various internet-connected devices unreasonably intrusive and disproportional to needs of case where burden of granting access to devices greatly outweighs the likely benefit); *see* Fed. R. Civ. P. 26(b)(1); *see also Baclawski v. Mountain Real Estate Capital LLC*, No. 3:15-

CV-417-RJC-DCK, 2016 WL 3381258, at *2 (W.D.N.C. June 10, 2016) (holding defendant's request to image entirety of plaintiff's cell phones and personal computers for purposes of tracking plaintiff's hours worked to be substantially overbroad and beyond the scope of discovery).

Defendant asserts that Plaintiff's District Sales Director position was fully remote and that she used her personal cell phone to perform her job duties. Dkt. No. 51 at 8. If Plaintiff's cell phone contains communications responsive to Defendant's RFPs, she was obligated to produce those communications. Plaintiff's response to RFP Nos. 15, 16, and 40 states that Plaintiff used her personal iPhone 6S Plus for work-related matters. In February 2021, Plaintiff upgraded to an iPhone 11, and data from her iPhone 6S Plus was transferred to the iPhone 11. In early 2022, Plaintiff obtained a new iPhone 11 and asked an Apple technician to transfer all data from the old iPhone 11 to the new iPhone 11. However, Plaintiff later learned that not all the data was transferred. Upon realizing that data was missing from the new iPhone 11, Plaintiff "contacted Apple to secure its assistance in recovering the data that was not transferred to the replacement iPhone 11." *Id.* Assuming the accuracy of these statements, Plaintiff attempted to safeguard her data when she upgraded to the new iPhone 11, but some of the data appears to have been lost due to circumstances beyond her control.

The Court concludes that Defendant is not entitled to conduct its own forensic search of Plaintiff's cell phone without establishing a foundation that Plaintiff's phone currently contains discoverable data or that there is a likelihood of recovering lost data that is relevant and nonprivileged. *C.f. Antioch Co. v. Scrapbook Borders, Inc.*, 210 F.R.D. 645, 651-52 (D. Minn. 2002) (granting motion to compel where party seeking forensic search proffered expert affidavits in support of finding of relevance and likelihood of recovery). Here, Defendant has provided no evidence concerning the existence of relevant data or the recoverability of relevant data, and, as stated above, speculation or suspicion regarding the existence of discovery is insufficient to compel production. *See AECOM Energy*, *supra*,

2018 WL 4705914, at *8.  The Court **DENIES** Defendant's request to conduct its own forensic examination of Plaintiff's new iPhone 11.

Notwithstanding the Court's denial of Defendant's Motion to Compel, the Court considers alternative means of ensuring that Plaintiff has produced all responsive data. Plaintiff's RFP responses assert that she offered to meet and confer with Defendant regarding her "ESI search efforts" but Defendant "refused to list or share any ESI questions or concerns in written format with Plaintiff . . . ."  Dkt. No. 51 at 18.  However, Plaintiff does not describe what efforts she undertook to review her new iPhone 11 for information responsive to Defendant's discovery requests or how she determined whether any data on that phone is responsive to Defendant's RFPs.  Under the circumstances presented, the Court concludes that Plaintiff must conduct a forensic examination, at her expense, of her new iPhone 11 to determine if it contains data responsive to any discovery requests propounded by Defendant.  On or before **December 14, 2022**, Plaintiff shall produce any responsive data from her iPhone 11 to Defendant, and Plaintiff shall provide a declaration from the forensic examiner verifying that he or she performed a forensic analysis of Plaintiff's new iPhone 11 and provided the data to Plaintiff's counsel for review.

## IV.

## <u>CONCLUSION</u>

For the foregoing reasons, the Court **GRANTS** in part and **DENIES** in part Defendant's Motion to Compel as follows:

1. The Motion is **DENIED** as to RFA No. 55.

2. The Motion is **GRANTED** as to RFP Nos. 51, 53, 73, 74, 76, 86, 88, and 138, and Special Interrogatory Nos. 4 and 21.  Plaintiff shall serve supplemental responses and produce all responsive, nonprivileged, non-medical documents and information in her possession that have not already been produced by **November 30, 2022**.

/ / /

/ / /

3.    The Motion is **DENIED** as to RFP Nos. 15, 16, 40, 50, 52, 64, 75, 78, 79, 82, 83, 84, 104, 105, and 125, and Special Interrogatory Nos. 1, 22, 23, and 24.

4.    Plaintiff shall conduct a forensic examination of her iPhone 11 and must produce any responsive data to Defendant on or before **December 16, 2022**. In addition, Plaintiff must provide a declaration from the forensic examiner verifying that he or she performed a forensic analysis of Plaintiff's cell phone and provided the data to Plaintiff's counsel for review.

**IT IS SO ORDERED.**

Dated:  November 16, 2022

_____

Honorable David D. Leshner
United States Magistrate Judge