1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

JACQUELINE KALTER,

Plaintiff,

v.

KEYFACTOR, INC. et al.,

Defendants.

Case No.:  21-cv-1707-L-DDL

**ORDER ON MOTION TO SEAL**

**[Dkt. Nos. 83, 88]**

Before the Court is Plaintiff's motion to seal.  Plaintiff filed the motion in compliance with the Court's Chambers Rule III.G because Defendant designated the documents at issue as Highly Confidential under the Protective Order.  Defendant timely filed a brief in support of sealing the documents.  As set forth below, the Court DENIES the motion to seal but directs the parties to make limited redactions.

**I.**

**LEGAL STANDARDS**

The public enjoys "a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978).  This longstanding principle "is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of

1

justice.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016). Thus, when evaluating a request to seal judicial records, courts in this Circuit start with "a 'strong presumption in favor of access'" to those records. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citation omitted).

The party requesting sealing bears the burden of overcoming this strong presumption. *Id.* The showing required depends upon whether the underlying motion is closely related to the merits of the case – in which case the party must demonstrate "compelling reasons" to seal – or is only "tangentially related" to them, which requires a less demanding showing of good cause. *See Ctr. for Auto Safety*, 809 F.3d at 1097. Most courts apply the "good cause" standard to discovery motions. Although less demanding than the "compelling reasons" standard, "good cause" nevertheless requires a "particularized showing that specific prejudice or harm will result" if the information is disclosed. *See Phillips ex rel. Estates of Byrd v. Gen Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning," do not satisfy the good cause standard. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

## II.

## DISCUSSION

Plaintiff's brief re outstanding discovery issues (Dkt. No. 82) includes seven documents that Defendant seeks to seal – Dkt. Nos. 82-2, 82-7, 82-17, 82-18, 82-21, 82-22 and 82-24. Defendant asserts that the documents "all involve Keyfactor's internal strategic operations, transactions with prospective customers, and financial strategies in the course of its business." Dkt. No. 88 at 5.

The Court finds that Defendant has failed to establish good cause to seal the documents. The generalized bases for sealing offered by Defendant are the type of unsubstantiated allegations of nonspecific harm that courts in this Circuit have repeatedly found do not satisfy the good cause standard. *See Anderson v. Marsh*, 312 F.R.D. 584, 594 (E.D. Cal. 2015) (citation omitted); see also *Apple Inc. v. Samsung Elecs. Co.*, No. 11–

CV–01846 LHK (PSG), 2013 WL 412864, at *2 (N.D. Cal. Feb. 1, 2013) (denying motion to seal where party "recite[d] boilerplate terms that this information is proprietary and confidential," but "[did] not provide a particularized showing of how this information would be detrimental if disclosed"); *In re BofI Holding, Inc. Sec. Litig.*, No. 15-cv-2324-GPC-KSC, 2021 WL 5579222, at *4 (S.D. Cal. Nov. 30, 2021) (finding a party's "generic reference to 'highly sensitive information'" was not sufficient to show good cause for sealing); *Vasquez v. O'Reilly Auto Enter., LLC*, No. 1:21-cv-01099-DAD-SAB, 2022 WL 1645145, at *4 (E.D. Cal. May 24, 2022) (finding party's request for sealing "conclusory" and insufficient to satisfy the good cause standard where party did not "elaborate[e]" on statements that documents contained information about "business processes and management decisions").

The Court's own review of the documents reveals two pages with revenue and financial information that should be sealed.  *See* Dkt. No. 82-7 (KEYFACTOR17601 and KEYFACTOR018511).  *See BBK Tobacco & Foods LLP v. Central Coast Agric. Inc.*, No. CV-19-05216-PHX-MTL, 2021 WL 5578864, at *2 (D. Ariz. Nov. 29, 2021) (granting narrow request to seal "revenue and sales figures [and] marketing expenditures").

"[C]ourts will seal records containing detailed confidential business information" only "where the parties articulate a concrete, non-speculative harm" that would result from disclosure.  *Grano v. Sodexo Mgmt., Inc.*, No. 18-cv-1818-RSH-BLM, 2022 WL 3371621, at *2 (S.D. Cal. Aug. 16, 2022).  On the record before it, the Court finds that Defendant has not done so here.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## III.

## <u>CONCLUSION</u>

The Court DENIES the motion to seal.  The parties shall file the following documents on the public docket within 10 days of this Order:  Dkt. No. 82-2, Dkt. No. 82-7, Dkt. No. 82-17, Dkt. No. 82-18, Dkt. No. 82-21, Dkt. No. 82-22 and Dkt. No. 82-24.

With respect to Dkt. No. 82-7, the parties shall redact the bottom half of KEYFACTOR17601 and the entirety of KEYFACTOR 018511.  In addition, the parties shall redact telephone numbers and email addresses from all documents.

**IT IS SO ORDERED.**

Dated:  February 7, 2023

_____
Hon. David D. Leshner
United States Magistrate Judge

4